```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------
S.A.S.U. ATELIERS JEAN NOUVEL,

                        Plaintiff,

        -against-

45 PARK PLACE PARTNERS, LLC,

                        Defendant.
----------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/24/2020_

20 Civ. 4466 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff brings this action against Defendant for breach of contract and account stated. Compl., ECF No. 1. On September 4, 2020, Plaintiff requested a certificate of default, stating that the time for defendant "to answer or otherwise move. . . has expired." ECF No. 17 ¶ 4. That same day, the Clerk of Court issued a certificate of default. ECF No. 18. On September 15, 2020, Plaintiff moved by order to show cause for a default judgment. ECF No. 19. However, on September 16, 2020, before the Court had scheduled a hearing on Plaintiff's motion, Defendant appeared and filed a motion to vacate the certificate of default. ECF No. 30.

      It is "well established that default judgments are disfavored," and that there is a strong preference for resolving disputes on the merits. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). In deciding whether a default judgment should be issued, courts consider whether the default was willful, whether the plaintiffs would be prejudiced by the denial of the motion for default judgment, and whether the allegedly defaulting parties may have any meritorious defenses to the plaintiffs' claims. *See id.* at 170–71. Courts apply the same factors in deciding whether to vacate a default. *Id.* "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

      Here, Defendant's conduct was not willful. Defendant argues that it never received the summons and complaint from the Secretary of State, which might have been lost in the mail. Def. Mem. at 1, ECF No. 28; *id.* at 4 n.1. Plaintiff incorrectly contends that Defendant's conduct was willful because its prior counsel "declined to accept service." Pl. Opp. at 2, ECF No. 32; *see Int'l Cargo & Sur. Ins. Co. v. Mora Textiles Corp.*, No. 90 Civ. 3880, 1991 WL 120359, at *3 (S.D.N.Y. June 21, 1991) ("[D]efendant was not required to accept service through [its] counsel."). Plaintiff's contention that vacating default would prejudice it because it has "expended ample time and fees pursuing a default judgment," Pl. Mem. at 5, is similarly unpersuasive, especially because the Court had yet to schedule a hearing on Plaintiff's motion. *See Kuklachev v. Gelfman*, No. 08 Civ. 2214, 2009 WL 497576, at *3 (E.D.N.Y. Feb. 26, 2009) (finding no prejudice where plaintiffs argued they would face prejudice if default was vacated because they would continue to incur legal fees). Finally, Defendant raises the defense of novation, Def. Mem. at 5–6, which "if proven at trial, would constitute a complete defense." *Id.*; *see Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) ("[O]n the question of a meritorious defense, the defendant need not conclusively establish

the validity of the defense(s) asserted, but need only present evidence of facts that, if proven at trial, would constitute a complete defense." (internal quotation marks and citations omitted)). Therefore, Defendant has shown that it has a meritorious defense to Plaintiff's claims.

Accordingly, Defendant's motion to vacate the Clerk of Court's certificate of default is GRANTED, and Plaintiff's motion for default judgment is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 26 and 30.

SO ORDERED.

Dated: September 24, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge