```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
S.A.S.U. ATELIERS JEAN NOUVEL,

                        Plaintiff,

        -against-

45 PARK PLACE PARTNERS, LLC,

                        Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/17/2020_

20 Civ. 4466 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff S.A.S.U. Ateliers Jean Nouvel ("S.A.S.U.") commenced this action on June 11, 2020, against Defendant 45 Park Place Partners, LLC ("45 Park"). By letter dated October 20, 2020, 45 Park Place raised a potential issue regarding whether the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), based on a possible lack of complete diversity of citizenship between the parties because "some of the members of 45 Park are aliens, like" S.A.S.U., and requested leave to move to dismiss. ECF No. 40. In response, S.A.S.U. requested limited jurisdictional discovery into the membership of 45 Park, and leave to amend its complaint. ECF No. 41. The parties submitted several letters arguing their positions, ECF Nos. 42–45, and S.A.S.U. agreed to dismiss 45 Park voluntarily if some of its members are aliens, ECF No. 43.

The interests of judicial economy will be best served by allowing the parties to engage in limited jurisdictional discovery and allowing S.A.S.U. to amend its complaint, rather than requiring it to proceed with an independent, but nearly identical, action against new defendants, or to proceed with a motion to dismiss.

Pursuant to Federal Rule of Civil Procedure 15(a), the Court should "freely give leave [to amend] when justice so requires." *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). The Court has discretion, however, to deny leave to amend if the movant fails to show good cause for why it seeks an amendment after the deadline for such filings set forth in a scheduling order has passed. *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009)). That said, the reasons for allowing the amendment are compelling. 45 Park will not be prejudiced because any additional discovery will be minimal and will not cause a significant delay in the proceedings, which remain at an early stage. *See Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008) (citing *United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989)). Additionally, there is no evidence that S.A.S.U.'s delay was in bad faith. *See Amaker v. Haponik*, 198 F.R.D. 386, 390 (S.D.N.Y. 2000).

Accordingly, by **December 28, 2020**, the parties shall complete any jurisdictional discovery. By **January 5, 2021**, S.A.S.U. shall file its amended complaint. 45 Park's request for leave to move to dismiss is DENIED.

SO ORDERED.

Dated: November 17, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge